ROBERTA. CHAISSON, Judge.
12This is an appeal by Betty Miles, plaintiff-appellant, from a judgment dismissing her claims against Suzanne’s Café & Catering, Inc. d/b/a Two J’s, and Canal Indemnity Company, defendants-appellees, on grounds of abandonment. For the following reasons, the judgment is reversed and the matter remanded to the parish court.

FACTS AND PROCEDURAL HISTORY

The facts are not in dispute. Plaintiff contends that she was injured as a result *1109 of a slip and fall from a foreign substance on the floor of Two J’s premises. Plaintiff filed suit on October 25, 2005, and service was requested on Suzanne’s Café & Catering, Inc. d/b/a/ Two J’s, through its agent for service of process, Suzanne R. Curóle. The record does not reflect that there is a return of service. The next document of record is a defense Motion to Dismiss for failure to prosecute the claim, filed over six years later on March 17, 2011. That motion was granted by judgment dated March 18, 2011. Upon notification of the judgment, plaintiff moved to set aside the dismissal on April 5, 2011, and a hearing was set for May 17, 2011. At that hearing, plaintiff introduced correspondence between |sthe parties which she claimed constituted timely steps in the prosecution of the claim which precluded dismissal for abandonment. The trial court determined that this correspondence did not meet the statutory requirements of steps in the prosecution of the claim, and denied the motion for a new trial. This appeal followed.

LAW AND ANALYSIS

Article 561 of the Louisiana Code of Civil Procedure is the controlling statutory law. The statute provides in pertinent part:
A. (1) An action ... is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years
[[Image here]]
[[Image here]]
(3) This provision shall be operative without a formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment....
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
[[Image here]]
The jurisprudence has uniformly held that Louisiana Code of Civil Procedure Article 561 is to be liberally construed in favor of maintaining a plaintiffs suit. Clark v. State Farm Mutual Automobile Insurance Company, 2000-3010 (La.5/15/01), 785 So.2d 779.
In James v. Formosa Plastics Corporation of Louisiana, 2001-2056 (La.4/3/02), 813 So.2d 335, 338, the court explained that:
Article 561 requires three things: 1) that a party take some “step” in the prosecution or defense of the action; 2) that it be done in the trial court and, with the exception of formal discovery, on the record of the suit; and 3) that it be taken within three years of the last step taken by either party, (citations omitted).
14Where a party alleges that there was either formal discovery or the taking of a deposition which is not of record, or some other action which is alleged to have been a “step,” the court must receive extrinsic evidence of these non-record activities. Clark, supra at 789.
In the present case, the record pri- or to defendants’ Motion to Dismiss consisted only of the petition. Defendants acknowledge in brief that plaintiffs counsel requested re-service of the petition on Suzanne R. Curóle on August 31, 2007, although this request does not appear in the appellate record. There was no action taken on the record from August 31, 2007, when the service request was made, until *1110 March 17, 2011, the date defendants filed their Motion to Dismiss, a period of over three and one-half years. Therefore, plaintiff must show through extrinsic evidence that a step in the prosecution of this matter was taken prior to August 31, 2010, that would serve to interrupt the tolling of the three year abandonment period.
Plaintiff introduced correspondence between the parties beginning in October 2004, and continuing through March 29, 2011, which consisted of the following:
1. Five letters from Peter Spangen-.berg, the insurance adjuster, to plaintiffs counsel dated between October 22, 2004, and June 3, 2005.[1]
2. A letter dated September 12, 2009, from plaintiffs counsel to Mr. Span-genberg requesting medical payments in the amount of $3,302.00.
3. A letter dated November 13, 2009, from Mr. Spangenberg to plaintiffs counsel asking for a copy of the suit and any other filings, and advising that the matter would have to be reviewed to determine whether there was any “legal basis for paying a claim that is this old.”
|⅞4. A letter dated November 18, 2009, from defense counsel to plaintiffs counsel asking for medical records, and confirming other understandings between counsel.
5. A letter dated January 5, 2010, from Mr. Spangenberg to plaintiffs counsel in which he asks if plaintiff is looking to settle the claim for the $3,302.00 in medical expenses, and stating that if plaintiff would sign a full release, “our client will consider settlement.”
6. A letter dated March 16, 2010, from Plaintiffs counsel to Mr. Spangen-berg offering to settle for $10,000.00.
7. A letter dated March 31, 2010, from Mr. Spangenberg to plaintiffs counsel offering to settle for $5,000.00, but denying liability.
8. A letter dated April 30, 2010, from plaintiffs counsel to Mr. Spangen-berg seeking accident reports at defendants’ place of business for the three years prior to the alleged accident, and stating that plaintiff was ready to schedule depositions.
9. A letter dated March 29, 2011, from defendants’ counsel to plaintiffs counsel informing him that the case had been dismissed.
Considering the record and extrinsic correspondence, there is no question that no action whatsoever was taken in the case between August 31, 2007, the date of the re-request for service, and plaintiff counsel’s letter of September 12, 2009. Of the correspondence referenced above, the letters in Item Number 1 are all pre-suit letters which are irrelevant here. The letters in Item Numbers 2, 3, 5, 6 and 7 are clearly settlement discussions. In Clark, the court stated that “ ‘Extrajudicial efforts,’ such as informal settlement negotiations between the parties, have uniformly been held to be insufficient to constitute a step for purposes of interrupting abandonment.” (Supra at 790). See also Tasch, Inc. v. Horizon Group, 2008-0635 (La.App. 4 Cir. 1/7/09), 3 So.3d 562. In Clark, the issue was whether an unconditional tender of the undisputed portion of an insurance claim constituted a step in the prosecution of the action. In answering in the affirmative, the court explained that because the unconditional tender was made to avoid the potential imposition of penalties and attorney fees pursuant to La. R.S. 22:658, | ^defendant was invoking legal protection against negative consequences, *1111 rather than merely informally discussing the possibility of settlement. Here, there was no unconditional tender, but only informal discussions about possible settlement, and thus these discussions did not interrupt abandonment.
The further question is whether the remaining two letters, Item Numbers 4 and 8, constituted steps in the prosecution of the action. Item Number 8 is an informal request for documents related to prior incidents at the restaurant and a suggestion that depositions would be scheduled in the future. In Jackson v. Moock, 2008-1111 (La.App. 1 Cir. 12/23/08), 4 So.3d 840, the court rejected the assertion that informal discussions and correspondence about scheduling depositions were sufficient to constitute steps in the prosecution of an action. We similarly hold that an informal request for documents from the defendant and a vague suggestion about scheduling future depositions do not constitute formal discovery, and are therefore not steps in the prosecution of the action for purposes of La. C.C.P. art. 561.
The text of the first paragraph of the letter in Item Number 4 is as follows:
“This is to confirm our advices that we have been retained to represent Canal Insurance Company in the above referenced matter. In addition, this will confirm your agreement to grant us an extension of time within which to file responsive pleadings on behalf of Canal Insurance Company. Finally, this will confirm your agreement to refrain from taking any actions adverse to the interests of any party without first allowing us the opportunity to protect their interests.”
In oral argument, defense counsel characterizes this letter, written by prior defense. counsel, as a “knee-jerk reaction” once defense counsel learned that a suit had been filed. However, this letter was written two months after plaintiff counsel’s September 12, 2009, letter to defendants’ adjuster. Regardless of whether this letter was the result of careful deliberation by defense counsel or a “knee-jerk reaction”, it clearly establishes that there was an agreement between |7counsel that plaintiff would take no action adverse to the interests of any party without first allowing them the opportunity to protect their interests. Plaintiffs counsel was agreeing not to default the defendants, and therefore was specifically agreeing not to take a step in the prosecution of the suit. It would be inequitable to allow defendants to obtain the protection of this agreement, yet disallow plaintiff to invoke the agreement as a basis for avoiding dismissal on abandonment. This result is consistent with the policy considerations underlying abandonment that require any doubt be construed in favor of maintaining a plaintiffs action. Clark, supra at 793.

CONCLUSION

We find that the agreement between counsel, evidenced in writing by defense counsel’s November 18, 2009, letter, served to interrupt the tolling of the three year abandonment period, and that the abandonment period began to run anew on that date. Consequently, the new three year abandonment period had not tolled on March 17, 2011, the date on which defendants filed their Motion to Dismiss. It was error for the trial court to deny plaintiffs Motion to Set Aside Judgment and not reinstate plaintiffs suit once extrinsic evidence was introduced of a step in the prosecution of this matter. We therefore reverse the decision of the trial court and remand the matter for further proceedings.

JUDGMENT REVERSED AND REMANDED

. All of these letters are dated prior to the filing of the suit on October 25, 2005.