SUSAN M. CHEHARDY, Chief Judge.
| ¡.This lawsuit over failure to pay insurance proceeds for hurricane damage was dismissed for abandonment. The plaintiffs *1129 filed a motion to set aside the dismissal, which the trial court denied, and the plaintiffs appeal. We affirm.
FACTS AND PROCEEDINGS BELOW
Frank Gambino and Lucrezia Gambino filed suit against The Standard Fire Insurance Company (“Standard Fire”) on August 30, 2006. They alleged they had purchased an insurance policy issued by Standard Fire that was in full force and effect on August 29, 2005, which covered all their property located at 1113 Aurora Avenue, Metairie, Louisiana, including but not limited to the dwelling, other structures, personal property, contents, additional living expenses, etc. They alleged further they had suffered severe damage and destruction to their property as a result of Hurricane Katrina on or about August 29, 2005, but that Standard Fire had failed to pay them the amounts due and owing under the terms and conditions of the policy. They sought payments due under the policy, plus penalties and attorney’s fees.
The plaintiffs also named Alliance Insurance Agency Services, Inc. as a defendant, but their claims against Alliance were dismissed by summary judgment |Ron April 16, 2007, and are not before us on this appeal. Notice of the signing of that judgment was issued on September 5, 2007.
Thereafter there was no activity on the record in the suit until July 7, 2011, when a motion to substitute counsel was filed on behalf of the plaintiffs.
On July 26, 2011, Standard Fire filed a motion to dismiss the suit for abandonment. The motion alleged that the petition was filed on August 30, 2006; that Standard Fire filed its answer on November 6, 2006; and that Standard Fire propounded interrogatories and a request for production to the plaintiffs on April 28, 2008, to which the plaintiffs had never responded. Standard Fire asserted that since then, neither the plaintiffs nor the defendants had taken any step in the prosecution or defense of the lawsuit. Accordingly, Standard Fire prayed to have the suit dismissed, pursuant to La. C.C.P. art. 561.
On July 29, 2011, the trial court ordered that the suit be dismissed with prejudice.
On August 22, 2011, the plaintiffs filed a motion to set aside the dismissal. They argued that the motion to dismiss for abandonment was defective because steps in prosecution of the matter had been taken within the applicable three-year period, specifically, correspondence by plaintiffs’ counsel to counsel for Standard Fire dated June 28 and June 29, 2011, regarding settlement discussions and setting the matter for trial, as well as the motion and order to substitute counsel on July 12, 2011.
In their memorandum in support of the motion to set aside the dismissal, the plaintiffs asserted that their former counsel, Derek Gambino, left his law firm in January 2011 and they had not been able to locate him since that date. The plaintiffs stated they contacted another member of the law firm, Benjamin Birdsall, on June 26, 2011, and asked him to assume their representation. According to the | ¿plaintiffs’ memorandum, Mr. Birdsall spoke with someone in the office of defense counsel on June 28, 2011, to inform them of the new representation and regarding settlement negotiations, and on June 29, 2011, Mr. Birdsall sent a letter advising defense counsel he wished to set the matter for trial. On July 12, 2011, the plaintiffs’ motion to substitute counsel was filed. The plaintiffs argued these actions demonstrate the case was not abandoned, so that the dismissal should be set aside.
In its memorandum in opposition to the motion to set aside the dismissal, Standard Fire pointed out that abandonment of an action is self-executing, it automatically oc *1130 curs with three years of inactivity in a lawsuit, and it does not require a motion in order to confirm it. Hence, because neither the plaintiffs nor the defendant took any steps in the prosecution or defense of the suit between April 28, 2008 and April 28, 2011, Standard Fire argued the case was abandoned as a matter of law.
In rebuttal, the plaintiffs reiterated their earlier arguments and also attached a copy of a letter dated March 17, 2011, from defense counsel to the plaintiffs’ former counsel, Mr. Gambino, asking him to respond to the defendant’s settlement offer.
The motion to set aside the dismissal was argued on November 9, 2011. No evidence was submitted. On December 5, 2011, the district court rendered judgment denying the motion to set aside the dismissal, without specifying reasons for the ruling. The plaintiffs have appealed.
LAW AND ANALYSIS
On appeal the plaintiffs contend the trial court erred in denying their motion to set aside the dismissal “by finding that plaintiff was not in fact still actively pursuing his claim,” and “in discounting that the prior representation [sic] of | ¿plaintiff pursued plaintiffs claim and further discounted that plaintiffs current representation [sic] has been aggressively pursuing plaintiffs claim.”
La. C.C.P. art. 561 provides, in pertinent part:
A. (1) An action ... is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years....
(3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. ...
[[Image here]]
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
A step in the prosecution or defense of an action within the meaning of Article 561 is a formal action before the trial court intended to hasten judgment. Acosta v. Hepplewhite Home, Inc., 450 So.2d 770, 772 (La.App. 5th Cir.1984).
Article 561 imposes three requirements to avoid abandonment: (1) a party must take some “step” in the prosecution or defense of the action; (2) the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit; and (3) the step must be taken within three years of the last step taken by either party; sufficient action by either plaintiff or defendant will be deemed a step.
Louisiana Dept. of Transp. & Dev. v. Oilfield Heavy Haulers, L.L.C., 2011-0912, p. 4 (La.12/6/11), 79 So.3d 978, 981.
“A ‘step’ is a formal action before the court intended to hasten the suit towards judgment or is the taking of formal discovery. A step by one party prevents abandonment as to all of the parties, even though they are not solidarily hable.” (Internal citations omitted.) Id.
| ^Louisiana courts have long held that motions to substitute counsel of record are not steps in the prosecution or defense of an action so as to avoid dismissal for abandonment. See, e.g., James v. Formosa Plastics Corp. of Louisiana, 2001-2056, p. 9 (La.4/3/02), 813 So.2d 335, 341; Argence, *1131 L.L.C. v. Box Opportunities, Inc., 2011-1732, p. 3 (La.App. 4 Cir. 5/23/12), 95 So.3d 539, 541; Brown v. Sutherland Lumber, Inc., 2010-0469, p. 4 (La.App. 3 Cir. 11/3/10), 53 So.3d 477, 480; Stemley v. Foti, 40,379, p. 9 (La.App. 2 Cir. 10/26/05), 914 So.2d 642, 647, writ denied, 2006-0224 (La.4/24/06), 926 So.2d 551; Edwards, Jr. v. Chrysler Motor Co., Inc., 2007-0326, p. 5 (La.App. 1 Cir. 2/8/08), 984 So.2d 85, 89.
“Rather than being formal actions before the trial court intended to hasten the matter to judgment, a motion to substitute counsel of record merely grants to counsel the right to take steps toward prosecution of his client’s case, but does not itself constitute such a step.” (Internal quotation marks and citations omitted.) James, supra.
“The serving of any discovery materials shall be considered a step in the prosecution or defense of an action for purposes of La.Code Civ. Proc. art. 561, notwithstanding such discovery materials are not filed in the record of the proceedings. La.Code Civ. Proc. art. 1474(C)(4).” Louisiana Dept. of Transp. & Dev. v. Bayou Fleet, Inc., 2010-1215, p. 1 (La.7/2/10), 39 So.3d 585, 586.
Even if a party is served with discovery, “the fact that it was signed by an attorney who had not enrolled as counsel of record prevents it from being a step in the prosecution of the action.” Stillman v. Bd. of Sup’rs of S. Univ. & Agr. & Mech. Coll., 2007-2107, p. 5 (La.App. 1 Cir. 6/6/08), 992 So.2d 523, 526, writ not considered sub nom., Stillman v. Bd. of Supervisors of S. Univ. & Agric. & Mech. Coll., 2008-1557 (La.10/10/08), 993 So.2d 1273.
| ./‘Because dismissal is the harshest of remedies, any reasonable doubt about abandonment should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment.” Louisiana Dept. of Transp. & Dev. v. Oilfield Heavy Haulers, L.L.C., 2011-0912 at p. 5, 79 So.3d at 982.
“ ‘Extrajudicial efforts,’ such as informal settlement negotiations between parties, have repeatedly been held to be insufficient to constitute a step in the prosecution of the action.” Id., 2011-0912 at p. 7, 79 So.3d at 982.
“Where a party alleges that there was either formal discovery or the taking of a deposition which is not of record, or some other action which is alleged to have been a ‘step,’ the court must receive extrinsic evidence of these non-record activities.” Miles v. Suzanne’s Café & Catering, Inc., 11-907, p. 4 (La.App. 5 Cir. 3/27/12), 91 So.3d 1107, 1109.
Here, the actions on which the plaintiffs rely not only occurred past the tolling of the abandonment period, but also there is no evidence of them in the record, because no testimony was taken at argument of the motion to set aside dismissal and no exhibits were introduced into evidence. Hence, the trial court did not err in finding there was no basis to set aside the order dismissing the matter as abandoned.
DECREE
For the foregoing reasons, the judgment is affirmed. Costs of appeal are assessed against the plaintiffs-appellants.

AFFIRMED