STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CW 0305

BILLY AND TONYA BURKETTE, INDIVIDUALLY AND ON
BEHALF OF THEIR MINOR CHILD, D.B.

VERSUS

CENTRAL COMMUNITY SCHOOL SYSTEM

Judgment Rendered: **SEP 15 2023**

\* \* \* \* \*

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 642683

Honorable Donald R. Johnson, Judge Presiding

\* \* \* \* \*

| | |
|---|---|
| Charlotte C. McDaniel<br>Baton Rouge, LA | Attorney for Plaintiffs-Appellees,<br>Billy and Tonya Burkette, and their<br>now major child, D.B. |
| Mark D. Boyer<br>Denham Springs, LA | Attorney for Defendant-Appellant,<br>Central Community School System |

\* \* \* \* \*

BEFORE: McCLENDON, HESTER, AND MILLER, JJ.

**HESTER, J.**

The defendant, Central Community School System, appeals the trial court judgment granting plaintiffs' motion to reconsider dismissal for abandonment, reversing the prior judgment of dismissal. For the following reasons, we reverse.

## FACTS AND PROCEDURAL HISTORY

On September 30, 2015, the plaintiffs, Billy Burkette and Tonya Burkette, individually and on behalf of their daughter, Dakota Burkette, filed a petition for temporary restraining order and injunctive relief against the defendant, Central Community School System (CCSS). The Burkettes sought to temporarily enjoin CCSS from preventing Dakota from enrolling in and attending Central High School. After a hearing on the matter, the trial court signed a judgment on October 9, 2015, granting the temporary restraining order and injunctive relief. On May 6, 2016, the Burkettes filed a first supplemental and amending petition seeking damages incurred as a result of Dakota missing school. On June 17, 2016, CCSS answered the Burkettes' supplemental and amending petition, specifically denying the allegations raised in the petition.

After several years of discovery and litigation, the Burkettes' former counsel filed a motion and order to withdraw as counsel of record on October 1, 2018. On October 19, 2018, a pretrial conference was held with only counsel for CCSS in attendance. A motion to enroll as counsel of record was filed by the Burkettes' current counsel on October 26, 2018. It is undisputed that the October 26, 2018 motion was the last action filed into the record for a period of nearly four years.

On June 6, 2022, the Burkettes filed a motion and order to reset the pretrial conference. In response, CCSS filed an ex parte motion for dismissal of the suit on the grounds of abandonment pursuant to La. Code Civ. P. art. 561. In its motion, CCSS asserted that no step had been timely taken in the prosecution or defense of the action within three years, and therefore the case was abandoned by operation of

law as mandated by La. Code Civ. P. art. 561. CCSS attached the affidavit of its attorney stating that he examined the suit files and court records and there had been no step taken by any party in defense or prosecution of the action, nor any discovery exchanged since October 2018. CCSS argued that the last action taken in prosecution or defense of the suit was on October 19, 2018, when CCSS's counsel appeared for a pretrial conference that was continued because counsel for the Burkettes failed to appear. On June 18, 2022, the trial court signed CCSS's ex parte motion to dismiss the suit on the grounds of abandonment, dismissing the Burkettes' suit in accordance with La. Code Civ. P. art. 561(A)(1).

On July 11, 2022, the Burkettes filed a motion for reconsideration of the judgment of dismissal based on abandonment. Louisiana Code of Civil Procedure article 561(A)(4) provides that a motion to set aside a dismissal, rather than a motion for new trial or a motion for reconsideration, may be filed only within thirty days of the date of the sheriff's service of the order of dismissal. **LaMartina v. Wynne, Goux, & Lobello, Attorneys at Law, L.L.C.**, 2022-0290 (La. App. 1st Cir. 9/23/22), __ So.3d__, __. It is evident from the Burkettes' motion that they sought to reverse the order of dismissal for abandonment; therefore, we will treat and refer to the Burkettes' motion for reconsideration as a motion to set aside a dismissal pursuant to La. Code Civ. P. art. 561(A)(4). A hearing was held on the Burkettes' motion to set aside a dismissal on October 24, 2022. At the hearing, counsel for the Burkettes introduced email exchanges with counsel for CCSS regarding the following:

[1] On November 6, 2019, CCSS's counsel, Ms. Tonagel, emailed the Burkettes' counsel, Ms. McDaniel, requesting the status of the matter and inquiring whether the Burkettes did not want to prosecute as there had been no step for over a year. On November 26, 2019, Ms. Tonagel emailed again, desiring to know the intentions of the Burkettes regarding pursuing the case further. The same day, Ms. McDaniel responded, stating that she was out of state and would advise Ms. Tonagel after the holiday.

[2] After no response, Ms. Tonagel emailed on January 3, 2020, stating her intent to file a Motion for Summary Judgment if the Burkettes did not want to voluntarily dismiss as well as seeking confirmation that Ms. McDaniel is representing the daughter, who is now a major.

[3] On January 14, 2020, Ms. McDaniel responded, stating the Burkettes wish to settle their case and not to dismiss. On June 22, 2020, Ms. Tonagel emailed stating that $5,000.00 was authorized by CCSS to settle the matter, otherwise, a motion for summary judgment would be filed. The same day, Ms. McDaniel responded, seeking an extension of the deadline to accept the offer to July 6th.

[4] On November 10, 2020, Ms. Tonagel emailed again stating that she has delayed the motion over the last 14 months and needs a substantive response immediately. Further, she restated her need to confirm whether Ms. McDaniel is now representing the daughter.

After the hearing, the trial court signed a judgment on November 15, 2022, granting the Burkettes' motion to set aside a dismissal, reversing the judgment of dismissal that was signed on June 18, 2022, and stating that the matter is again pending before the court. In the trial court's written reasons, it found that the email from CCSS's counsel on June 22, 2020, stating that she would be filing a motion for summary judgment, constituted a waiver of CCSS's right to claim abandonment. Subsequently, CCSS suspensively appealed the November 15, 2022 judgment.

## LAW AND DISCUSSION

### Jurisdiction

This appeal considers whether the trial court erred in granting the Burkettes' motion to set aside a dismissal based on abandonment. Before turning to the merits of CCSS's assignment of error regarding the judgment, this court must consider whether the judgment appealed is final and appealable. See **Simon v. Ferguson**, 2018-0826 (La. App. 1st Cir. 2/28/19), 274 So.3d 10, 13.

An interlocutory judgment is only appealable when expressly provided by law. La. Code Civ. P. art. 2083(C). The proper procedural vehicle to contest an interlocutory judgment is by application for supervisory writs filed within thirty days of the rendition of the interlocutory judgment. **Dunbar v. Howard**, 2021-1171 (La. App. 1st Cir. 8/16/22), 348 So.3d 738, 744. The Fourth Circuit found that a denial

4

of a Motion to Dismiss for Abandonment is not a final appealable judgment and is an interlocutory judgment because it determines a preliminary matter and not the merits of the action. **Reed v. Finklestein**, 2001-1015 (La. App. 4th Cir. 1/16/02), 807 So.2d 1032,1033, <u>writ denied</u>, 2002-0550 (La. 4/26/02), 814 So.2d 560. Similarly, the granting of a motion to set aside a dismissal that reverses the dismissal based on abandonment is an interlocutory judgment as it determines only a preliminary matter, not the merits of the action, and orders that the case is still pending.

We recognize that this court has discretionary authority to convert an appeal from an interlocutory judgment to an application for a supervisory writ. <u>See</u> **Stelluto v. Stelluto**, 2005-0074 (La. 6/29/05), 914 So.2d 34, 39.[1] In determining whether to exercise our discretion to convert the appeal into a supervisory writ, we must consider if the reversal of the trial court's decision would terminate the litigation, or whether there is clear error in the trial court's judgment that would create grave injustice if not corrected. <u>See</u> **Matter of Succession of Weber**, 2018-1337 (La. App. 1st Cir. 4/29/19), 276 So.3d 1021, 1027. Since the reversal of the trial court judgment would terminate the litigation and require dismissal of the action, we find that judicial efficiency dictates consideration of the merits of this matter. Thus, we convert the suspensive appeal into an application for supervisory writs and grant the writ to consider the merits of the issue presented.

**Abandonment**

Louisiana Code of Civil Procedure article 561 governs abandonment cases, providing, in pertinent part:

---

[1] The appellate courts of this State ordinarily convert an appeal to an application for supervisory writs only if the motion for appeal is filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Rule 4-3 of the Uniform Rules – Courts of Appeal. <u>See</u> **Matter of Succession of Porche**, 2016-0538 (La. App. 1st Cir. 2/17/17), 213 So.3d 401, 406 n.2. In the instant case, CCSS filed its motion for suspensive appeal on December 15, 2020, which is within the thirty-day period for filing an application for supervisory writs.

A. (1) An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years[.]

\*\*\*

(3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.

(4) A motion to set aside a dismissal may be made only within thirty days of the date of the sheriff's service of the order of dismissal. If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1913(A) and shall file a certificate pursuant to Article 1913(D).

(5) An appeal of an order of dismissal may be taken only within sixty days of the date of the sheriff's service of the order of dismissal. An appeal of an order of denial may be taken only within sixty days of the date of the clerk's mailing of the order of denial.

\*\*\*

B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.

Whether a step in the prosecution or defense of a case was taken in the trial court within the period of three years is a question of fact subject to the manifest error review on appeal. **BAC Home Loans Servicing, LP v. Louis**, 2020-0717 (La. App. 1st Cir. 5/13/21), 326 So.3d 904, 909. On the other hand, whether a particular act, if proven, qualifies as a step in furtherance of the action and thereby precludes abandonment is a question of law that we review by simply determining whether the trial court's interpretative decision is correct. **Id.**

There are two jurisprudential exceptions to the abandonment rule that appear outside of the record that interrupts the abandonment period. **Louisiana Dept. of Transp. and Development v. Oilfield Heavy Haulers, L.L.C.**, 2011-0912 (La. 12/6/11), 79 So.3d 978, 985. These exceptions include: (1) a plaintiff's failure to prosecute based on circumstances beyond the plaintiff's control; or (2) a defendant's waiver of the right to assert abandonment by taking actions inconsistent with an

6

intent to treat the case as abandoned. **Id.** The waiver exception is based on the well-established rule that prescription can be interrupted by acknowledgment. **City of Baton Rouge/Parish of East Baton Rouge v. Smuggy's Corp., Inc.,** 2014-0134 (La. App. 1st Cir. 10/16/14), 156 So.3d 202, 206 n. 3.

In summary, CCSS argues on appeal that the trial court erred in granting the Burkettes' motion to set aside the dismissal for abandonment, and in reversing the trial court's prior judgment of dismissal. The evidence submitted by the Burkettes in support of their motion includes the emails between attorneys, specifically one dated June 22, 2022, wherein counsel for CCSS stated she was authorized to settle the matter, otherwise, a motion for summary judgment would be filed. The trial court found that the email from CCSS's counsel constituted a waiver of abandonment, as her intention to file a motion for summary judgment was inconsistent with treating the case as abandoned. CCSS contends that the email regarding settlement negotiations and possibly filing a motion for summary judgment did not satisfy the exception to La. Code Civ. P. art. 561 and there was no waiver of their right to assert an abandonment claim.

This court has recognized that informal negotiations are not steps in the prosecution of an action. See **Ellis v. Louisiana Casino Cruise, Inc.,** 2021-0148 (La. App. 1st Cir. 10/18/21), 2021 WL 4843823 at *5 (unpublished). "Extrajudicial efforts," such as informal correspondence between the parties, have uniformly been held to be insufficient to constitute a step for purposes of interrupting abandonment. **Id.; Burgess, Inc. v. Par. of St. Tammany,** 2017-0153 (La. App. 1st Cir. 10/25/17), 233 So.3d 58, 63 writ denied, 2017-2179 (La. 2/23/18), 237 So.3d 515. See also **Jackson v. Moock,** 2008-1111 (La. App. 1st Cir. 12/23/08), 4 So.3d 840, 844-45 (finding that informal discussions and correspondence scheduling depositions were insufficient to constitute steps in the prosecution of an action); **Miles v. Suzanne's Cafe' & Catering, Inc.,** 2011-907 (La. App. 5th Cir. 3/27/12), 91 So.3d 1107, 1111

7

(finding that informal requests for documents from a defendant do not constitute formal discovery and are not steps in the prosecution of the action for purposes of La. Code Civ. P. art. 561).

In **Moise**, this court held that an informal agreement between attorneys to stay a medical malpractice suit based on the differing treatments of doctors as qualified or unqualified healthcare providers under the Medical Malpractice Act was a defense waiver of the right to assert abandonment. **Moise v. Baton Rouge General Medical Center**, 2022-0623 (La. App. 1st Cir. 4/20/23), __ So.3d __, __. The case *sub judice* is distinguishable. Neither counsel for CCSS nor counsel for the Burkettes discussed an informal stay in their email correspondence. Additionally, this matter is not in the unique procedural posture of medical malpractice suits wherein parties are awaiting the completion of the medical review panel process of qualified healthcare providers before continuing litigation against unqualified healthcare providers.

The record reveals that the Burkettes filed a motion to enroll as counsel of record on October 26, 2018. Motions to withdraw or enroll as counsel are not considered formal steps towards prosecution or defense of an action because they do not hasten the matter to judgment. **Paternostro v. Falgoust**, 2003-2214 (La. App. 1st Cir. 9/17/04), 897 So.2d 19, 22, writ denied, 2004-2524 (La. 12/17/04), 888 So.2d 870. Therefore, the last step taken in the prosecution or defense of the suit was on October 19, 2018, when counsel for CCSS attended the pretrial conference. Accordingly, unless there is a waiver or interruption of the abandonment period, this case became abandoned on October 20, 2021, because more than three years passed after the pretrial conference without any step being taken in the prosecution or defense of this suit.

While there is informal correspondence between both attorneys, the intent of CCSS's counsel in the June 22, 2020 email was to resolve the matter. CCSS was seeking to settle the claim *extrajudicially* to avoid the costs and expenses of filing a

8

motion for summary judgment. Specifically, the email provides, "I have Five Thousand ($5,000.00) Dollars in settlement authority, which I am authorized to offer in lieu of expense of filing and arguing the summary judgment motion." This extrajudicial informal settlement negotiation between the parties did not constitute a step for purposes of interrupting abandonment. See **Clark v. State Farm Mut. Auto. Ins. Co.**, 2000-3010 (La. 5/15/01), 785 So.2d 779, 790.

Accordingly, we find that this case is abandoned as mandated by La. Code Civ. P. art. 561 because more than three years passed after the pretrial conference without any step in the prosecution or defense of this suit. The informal correspondence between counsel for CCSS and counsel for the Burkettes cannot be construed as an acknowledgment by CCSS as contemplated by La. Code Civ. P. art. 561. As such, the June 22, 2020 email was insufficient to constitute a step for purposes of interrupting or waiving abandonment. Therefore, we reverse the November 15, 2022 judgment of the trial court; reinstate the June 18, 2022 judgment dismissing the Burkettes' suit; and amend the June 18, 2022 judgment to state that the dismissal is without prejudice. See **Burgess, Inc. v. Parish of St. Tammany**, 233 So.3d at 61 n. 1. (A dismissal of an action on the grounds of abandonment may only be made without prejudice.)

## CONCLUSION

For the foregoing reasons, we convert the appeal to an application for supervisory writs. We grant the writ application and reverse the November 15, 2022 judgment of the trial court granting plaintiffs' Billy Burkette and Tonya Burkette, individually and on behalf of their daughter, Dakota Burkette, motion to set aside the dismissal for abandonment. The June 18, 2022 judgment of dismissal is amended to state the dismissal is without prejudice and as amended is reinstated.

**APPEAL CONVERTED TO AN APPLICATION FOR SUPERVISORY WRITS; WRIT GRANTED; NOVEMBER 15, 2022 JUDGMENT**

9

**REVERSED; JUNE 18, 2022 JUDGMENT AMENDED AND, AS AMENDED, REINSTATED.**