ROYCE BUFKIN, JR.

VERSUS

KISHORE "MIKE" MOTWANI, QUARTER
HOLDINGS, LLC, ORLEANS PARISH
SHERIFF MARLIN GUSMAN, AND CERTAIN
UNIDENTIFIED EMPLOYEES OF THE
ORLEANS PARISH SHERIFF'S OFFICE

NO. 24-CA-272

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 787-537, DIVISION "H"
HONORABLE DONALD L. FORET, JUDGE PRESIDING

February 19, 2025

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Scott U. Schlegel

**AFFIRMED AS AMENDED**
    **JGG**
    **MEJ**
    **SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
ROYCE BUFKIN, JR.
    Dominic N. Varrecchio

COUNSEL FOR DEFENDANT/APPELLEE,
KISHORE "MIKE" MOTWANI AND QUARTER HOLDINGS, LLC
    Thomas J. Barbera

COUNSEL FOR DEFENDANT/APPELLEE,
THE ORLEANS PARISH SHERIFF'S OFFICE
    Christopher H. King

**GRAVOIS, J.**

Plaintiff/appellant, Royce Bufkin, Jr., appeals the trial court's judgment that granted the motion to dismiss on grounds of abandonment pursuant to La. C.C.P. art. 561 filed by defendants Kishore "Mike" Motwani and Quarter Holdings, LLC, and dismissed Mr. Bufkin's suit with prejudice.  We affirm the judgment of dismissal, but amend the judgment to dismiss the suit without prejudice.

## FACTS AND PROCEDURAL HISTORY

On September 12, 2018, Mr. Bufkin filed a "Petition for Damages and Dissolution of Lease due to Breach of Contract, Breach of Promise and Non-Payment of Rents" against Mr. Motwani and his company, Quarter Holdings, LLC (collectively "Motwani" or "defendants"), and Orleans Parish Sheriff Marlin Gusman, wherein Mr. Bufkin was represented by his current appellate counsel, Mr. Dominic Varrecchio.[1]  Sheriff Gusman answered the suit on January 31, 2019 with general denials and defenses.  On February 7, 2019, Motwani filed exceptions of *res judicata* and *lis pendens*, based on a suit filed by Quarter Holdings, LLC against Mr. Bufkin in Orleans Parish regarding the same leased premises.[2]  The exceptions were set for a hearing on April 15, 2019, but the record does not indicate that a hearing was ever conducted on the exceptions, or that they were ever otherwise ruled upon.

On March 8, 2022, new counsel for Mr. Bufkin (Justin Schmidt) filed a "Notice of Enrollment of Counsel of Record," but the record does not indicate that an Order was granted enrolling Mr. Schmidt as counsel of record for Mr. Bufkin. On October 21, 2022, Mr. Bufkin's former counsel (and current appellate counsel), Mr. Varrecchio, filed a "Former, Terminated Counsel's Ex Parte' Motion to

---

[1] Plaintiff also named "XXX Insurance Company(s)" and "Certain Unidentified Employees of the Orleans Parish Sheriff's Office" as additional defendants.

[2] Alternative exceptions of no cause of action and no right of action against Mr. Motwani individually were included in this filing.

Withdraw as Counsel of Record, with Incorporated Memorandum." This motion was granted on October 26, 2022. However, on January 3, 2023, Mr. Varrecchio filed a "Counsel's Ex Parte' Motion to Re-enroll as Counsel of Record with Incorporated Memorandum." This motion was granted on January 6, 2023.

On July 5, 2023, counsel for Motwani filed an "Ex Parte Motion to Dismiss on Grounds of Abandonment," alleging that no party to the suit had taken a step in its prosecution or defense for a period in excess of three years beginning on or about February 7, 2019 (when Motwani filed exceptions to the suit), and thus the matter should be considered as abandoned as of February 7, 2022, and dismissed per La. C.C.P. art. 561. The *ex parte* motion to dismiss on grounds of abandonment was accompanied by counsel's affidavit in support of the motion, as required by La. C.C.P. art. 561(A)(2), stating that no step was timely taken in the prosecution or defense of the action for a period in excess of three years beginning on or about February 7, 2019.

Despite its compliance with the requirements of Article 561, the *ex parte* motion was set for a contradictory hearing on August 9, 2023. However, the matter was not heard on that date. Counsel for Mr. Bufkin filed a memorandum in opposition to the *ex parte* motion and order to dismiss on October 10, 2023, alleging that he had sent an email/letter with a discovery request to counsel for Motwani on or about July 19, 2021, which interrupted the three-year abandonment period. A copy of the email/letter was attached to the memorandum in opposition.

The motion to dismiss and opposition came for a hearing on October 19, 2023. After considering arguments of counsel, the trial court granted the motion to dismiss from the bench. An Order dismissing the suit with prejudice was signed on December 19, 2023. This appeal followed.

On appeal, Mr. Bufkin argues that the trial court's Order dismissing his case as abandoned was manifestly erroneous, because his counsel sent a "written

request for production of documents" to defense counsel within the three-year abandonment period.

**ANALYSIS**

"An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding[.]" La. C.C.P. art. 561(A)(1). Abandonment takes place by operation of law, is self-executing, and is effective without court order. It occurs automatically upon the passing of three years without a step being taken by a party. *Cassilli v. Summerfield Apartments, LLC*, 21-261 (La. App. 5 Cir. 1/26/22), 336 So.3d 554, 556, citing *First Bank & Tr. v. Proctor's Cove II, LLC*, 19-299 (La. App. 5 Cir. 12/30/19), 287 So.3d 888, 895. A "step" is a formal action before the court intended to hasten the suit towards judgment or is the taking of formal discovery. *Williams v. Montgomery*, 20-1120 (La. 5/13/21), 320 So.3d 1036, 1041, citing *James v. Formosa Plastics Corp. of La.*, 01-2056 (La. 4/3/02), 813 So.2d 335, 338. Sufficient action by either the plaintiff or the defendant will be deemed a step. *Id.*

Article 561 "shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit that states that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment." La. C.C.P. art. 561(A)(2).

The interpretation of Article 561 was at issue in *Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010 (La. 5/15/01), 785 So.2d 779. There, the Louisiana Supreme Court explained as follows:

> Article 561 has been construed as imposing three requirements on plaintiffs. First, plaintiffs must take some "step" towards prosecution of their lawsuit. In this context, a "step" is defined as taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without

formal notice. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period of the last step taken by *either party*; sufficient action by either plaintiff or defendant will be deemed a step.

*Id*. at 784 (emphasis in original, footnotes omitted).

"Whether a step in the prosecution or defense of a case has been taken in the trial court for a period of three years is a question of fact subject to manifest error analysis; by contrast, whether a particular act, if proven, [interrupts] abandonment is a question of law that is examined by ascertaining whether the trial court's conclusion is legally correct." *Williams*, 320 So.3d at 1042, citing *Martin v. Nat'l City Mortg. Co.*, 52,371 (La. App. 2 Cir. 11/14/18), 261 So.3d 144, 147, *writ denied*, 18-2046 (La. 2/11/19), 263 So.3d 435.

Mover Motwani's counsel filed the *ex parte* motion and order to dismiss, accompanied by the affidavit required by La. C.C.P. art. 561(A)(2). This Article and associated jurisprudence are clear that upon the proper filing of the motion and order and required affidavit, the judge shall enter a formal order dismissing the suit as abandoned. Inexplicably, the matter was instead set for a contradictory hearing that ultimately took place on October 19, 2023.[3]

At the hearing, the judge acknowledged defendants' compliance with the requirements of Article 561 as noted previously. In opposition to the motion to dismiss, Mr. Bufkin argued that the email/letter his counsel sent to Motwani's counsel (Mr. Barbera) in July of 2021, which was attached to his memorandum in opposition and which requested "all insurance coverage" information on the leased property, as well as which appeared to discuss other litigation the parties were involved in (with no specific reference to this suit or this suit number), constituted

---

[3] It is improper for the trial court to set a motion to dismiss on the basis of abandonment for contradictory hearing instead of signing an order of dismissal *ex parte* as required by La. C.C.P. art. 561(A)(3). *Cassilli*, 336 So.3d at 557, citing *Hancock Bank of Louisiana v. Robinson*, 20-791 (La. App. 1 Cir. 3/11/21), 322 So.3d 307, 311. *See also McNealy v. Englade*, 19-573 (La. App. 1 Cir. 2/21/20), 298 So.3d 182, 189-190.

formal discovery.[4] In response, Motwani's counsel argued that the request was informal, nonspecific to the instant case, and was not "served" on Motwani within the meaning of Article 561. After considering the applicable law and arguments, the trial court ruled that the email/letter sent from Mr. Varrecchio to Mr. Barbera did not fulfill the requirements necessary to interrupt the elapsed period of abandonment, as it was not formal discovery nor served.

Upon review of the record in this matter, it is clear that Mr. Bufkin did not introduce the July 19, 2021 email/letter to Mr. Barbera into evidence at the hearing on the motion to dismiss based on abandonment. Evidence not properly and officially offered and introduced cannot be considered on appeal, even if the evidence is physically placed in the record. *Jackson v. United Services Auto. Ass'n Cas. Ins. Co.*, 08-333 (La. App. 5 Cir. 10/28/08), 1 So.3d 512, 515, citing *Ray Brandt Nissan v. Gurvich*, 98-634 (La. App. 5 Cir. 1/26/99), 726 So.2d 474, 476. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. *Id.* Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence. La. C.C.P. art. 2164.

Thus, since plaintiff's evidence in opposition to the motion to dismiss, the email/letter to opposing counsel, was not introduced or admitted into evidence, it should not have been considered by the trial judge. Nevertheless, the result, the dismissal, is unchanged, as defendants' compliance with the requirements of Article 561 entitled them to an *ex parte* judgment dismissing the case as abandoned. Since no evidence was introduced into the record by plaintiff to show that a step in the prosecution was taken within the three-year abandonment period

---

[4] The email/letter noted that Mr. Varrecchio represented Mr. Bufkin in several litigations, and did not reference this particular suit, either in discussion of the facts or with a suit number in the email/letter.

under Article 561, we find that the trial court properly dismissed plaintiff's suit as abandoned.[5]

We note that the trial court's Order dismissing plaintiff's suit due to abandonment was "with prejudice." However, a dismissal of an action on the grounds of abandonment may only be made "without prejudice." *Burgess*, 233 So.3d at 62, n.1, citing *Argence, L.L.C. v. Box Opportunities, Inc.*, 11-1732 (La. App. 4 Cir. 5/23/12), 95 So.3d 539, 541. *See also Davis v. Naquin*, 23-57 (La. App. 1 Cir. 9/15/23), 375 So.3d 968. Therefore, the dismissal of plaintiff's suit pursuant to Article 561 should have been "without prejudice." Accordingly, we amend the Order dismissing plaintiff's suit to replace the words "with prejudice" with "without prejudice."

## DECREE

The Order dismissing plaintiff's suit as abandoned is amended to dismiss the suit without prejudice, and as amended, is affirmed.

**AFFIRMED AS AMENDED**

---

[5] In any event, were plaintiff's evidence properly before the district court and this Court, plaintiff's arguments would nevertheless fail on the merits. Similar facts were presented in *Miles v. Suzanne's Café and Catering, Inc.*, 11-907 (La. App. 5 Cir. 3/27/12), 91 So.3d 1107. In that case, this Court held that informal discussions about possible settlement, suggestions about scheduling future depositions, and informal requests for documents were not considered steps for the purpose of interrupting the abandonment period. *Id.* at 1110-11. Likewise, *Burgess, Inc. v. Parish of St. Tammany*, 17-153 (La. App. 1 Cir. 10/25/17), 233 So.3d 58, 63, *writ denied*, 17-2179 (La. 2/23/18), 237 So.3d 515, held that "extrajudicial efforts, such as informal correspondence between the parties, have uniformly been considered insufficient to constitute a step for purposes of interrupting or waiving abandonment."

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **FEBRUARY 19, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-CA-272**

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD L. FORET (DISTRICT JUDGE)
CHRISTOPHER H. KING (APPELLEE)

### MAILED
DOMINIC N. VARRECCHIO (APPELLANT)
ATTORNEY AT LAW
1539 JACKSON AVENUE
SUITE 100
NEW ORLEANS, LA 70130

THOMAS J. BARBERA (APPELLEE)
ATTORNEY AT LAW
4645 CARTHAGE STREET
METAIRIE, LA 70002

BLAKE J. ARCURI (APPELLEE)
LAURA C. RODRIGUE (APPELLEE)
ATTORNEYS AT LAW
1615 POYDRAS STREET
SUITE 1250
NEW ORLEANS, LA 70112

FREEMAN R. MATTHEWS (APPELLEE)
ATTORNEY AT LAW
2800 PERDIDO STREET
NEW ORLEANS, LA 70119